



FILED

SEP 2 2 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Case No. 06-21066-A-7 |
| | ) | |
| CORNELIUS and KAREN COVINGTON, | ) | Docket Control No. KRS-2 & |
| | ) | KRS-4 |
| | ) | |
| Debtors. | ) | Date: Sept. 11, 2006 |
| | ) | Time: 9:00 a.m. |
| | ) | |
| _____ | ) | |

## MEMORANDUM

Cornelius F. Covington ("the debtor") is one of the joint debtors in this chapter 7 case.  His petition was filed after the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) became effective.

The Madera County Child Support Department has filed a proof of claim on behalf of the debtor's daughter.  The proof of claim demands $38,211.59 for past due child support.

11 U.S.C. § 101(14A) defines a domestic support obligation as:

> a debt that accrues before, on, or after the date of
> the order for relief in a case under this title,
> including interest that accrues on that debt as
> provided by applicable nonbankruptcy law
> notwithstanding any other provision of this title, that
> is- (A) owed to or recoverable by- (I) a spouse, former
> spouse, or child of the debtor or such child's parent,
> legal guardian, or responsible relative; or (ii) a
> governmental unit; (B) in the nature of alimony,
> maintenance, or support (including assistance provided
> by a governmental unit) of such spouse, former spouse,
> or child of the debtor or such child's parent, without
> regard to whether such debt is expressly so designated;



1     (C) established or subject to establishment before, on,
2  or after the date of the order for relief in a case
   under this title, by reason of applicable provisions
3  of- (I) a separation agreement, divorce decree, or
   property settlement agreement; (ii) an order of a court
4  of record; or (iii) a determination made in accordance
   with applicable nonbankruptcy law by a governmental
5  unit; and (D) not assigned to a nongovernmental entity,
   unless that obligation is assigned voluntarily by the
6  spouse, former spouse, child of the debtor, or such
   child's parent, legal guardian, or responsible relative
7  for the purpose of collecting the debt.

8  Based on the information in the proof of claim, to which no

9  objection has been filed, it is clear that the $38,211.59 is a

10  domestic support obligation.

11     When a debt is a domestic support obligation, it cannot be

12  discharged by an individual chapter 7 debtor.  <u>See</u> 11 U.S.C. §

13  523(a)(5).  Consequently, once an individual debtor receives a

14  chapter 7 discharge, the holder of a domestic support obligation

15  claim is not subject to the statutory injunction barring

16  enforcement of the debt against the debtor as a personal

17  liability.  <u>See</u> 11 U.S.C. §§ 523(a)(5), 524(a)(2), & 727(b).

18     Moreover, a domestic support obligation may be enforced

19  against property of the debtor, both during the chapter 7 case

20  without violation of the automatic stay, and after entry of a

21  discharge without violation of the discharge injunction.  <u>See</u> 11

22  U.S.C. §§ 362(b)(2)(B) & 522(c)(1).  This is so even when the

23  property against which the domestic support obligation is being

24  enforced has been exempted by the debtor in the bankruptcy case.

25  <u>See</u> 11 U.S.C. §§ 522(c)(1).  Section 522(c)(1) provides in

26  pertinent part:

27     Unless the case is dismissed, property exempted under
   this section is not liable during or after the case for
28  any debt of the debtor that arose ... before the

commencement of the case, except - (1) a debt of a kind
specified in paragraph ... (5) of section 523(a) (in
which case, notwithstanding any provision of applicable
nonbankruptcy law to the contrary, such property shall
be liable for a debt of a kind specified in section
523(a)(5))....

Because the debtor in this chapter 7 case owes a domestic
support obligation, the trustee argues that section 522(c)(1)
requires the disallowance of the debtor's exemptions in a $1,000
bank deposit and an automobile to permit these assets to be
liquidated and the proceeds paid to the holder of the domestic
support obligation claim.

The trustee's objection to these exemptions will be
overruled.  Section 522(c)(1) does not provide for the
disallowance of an exemption.  Rather, it provides that property
exempted by the debtor is nonetheless liable for a domestic
support obligation.  Disallowance of the exemption is not a
predicate to the enforcement of a domestic support obligation
against the property.

The next issue is whether, by virtue of section 522(c)(1),
the trustee may liquidate the exempt property in order to pay the
domestic support obligation.  The court concludes that he may
not.  The trustee's motion to sell the automobile will therefore
be denied.

A chapter 7 trustee must "collect and reduce to money
**property of the estate....**" [Emphasis added.]  See 11 U.S.C. §
704(a)(1).  When a debtor exempts property, it is effectively
removed from the estate.[1] See, e.g., In re Szekely, 936 F.2d 897

---

[1]    However, if the property declared exempt by the debtor
has value beyond the exemption amount, or if it appreciates

-3-

(7th Cir. 1991). Here, the automobile and the bank deposit have
been removed from the estate by virtue of their exemption. There
is no nonexempt value in either asset and neither has appreciated
above the maximum exemption amount. Therefore, there is no
"property of the estate" for the trustee to administer for the
benefit of creditors in general or the holder of the domestic
support obligation in particular.

An analogous situation, one that predates the enactment of
BAPCPA, involves the enforcement of nondischargeable tax claims
against exempt property. Like domestic support obligations,
section 522(c)(1) permits the holder of a nondischargeable tax
claim to enforce it against property the debtor has exempted in
the bankruptcy case. See 11 U.S.C. § 523(a)(1). When taxes are
owed, for example, to the Internal Revenue Service, section
522(c)(1) dovetails with 26 U.S.C. § 6334(c) which provides that
"[n]otwithstanding any other law of the United States..., no
property or rights to property shall be exempt from levy" unless
26 U.S.C. § 6334(a) provides an applicable exemption. Kieferdorf
v. Commissioner, 142 F.2d 723 (9th Cir. 1944).

Even though this provision has been part of the Bankruptcy
Code since 1979, the trustee has cited no authority indicating
that he may liquidate otherwise exempt property because the
debtor happens to owe a nondischargeable tax claim.

Also, while section 522(c)(1) permits the enforcement of
domestic support obligation and tax claims against "property

----

beyond the exemption amount after the petition is filed, the
nonexempt amount or appreciation is property of the estate that
may be administered by the trustee. See In re Hyman, 967 F.2d
1316 (9th Cir. 1992).

exempted under ... section [522]," when such claims are enforced
pursuant to applicable nonbankruptcy law, that law may provide
the debtor with exemptions apart from section 522.

For instance, even though a debtor's exemptions under
section 522(b) will not prevent the Internal Revenue Service from
levying on property, it cannot levy against property of the type
described in 26 U.S.C. § 6334(a). And, in California, the
enforcement of a judgment for child, family, or spousal support
(all of which would be encompassed within the definition of a
domestic support obligation), is subject to some exemptions. <u>See</u>
Cal. Civ. Proc. Code §§ 703.070, 703.115.

Given the potential availability of these "nonbankruptcy"
exemptions, in a chapter 7 case that would otherwise be a "no-
asset" case, it makes more sense to require the holder of a
domestic support obligation claim, not the bankruptcy trustee, to
enforce a domestic support obligation in a nonbankruptcy forum.
That forum then may deal with the availability and extent of
nonbankruptcy exemptions.

Finally, a chapter 7 trustee generally will not administer
an asset unless it will produce a net return for the estate. For
instance, when an asset is fully encumbered by a lien, it is
considered improper for a chapter 7 trustee to liquidate the
asset. <u>See e.g.</u>, <u>In re Preston Lumber Corp.</u>, 199 B.R. 415
(Bankr. N.D. Cal. 1996).

While the trustee's motion to sell does not involve the sale
of fully encumbered property, the property is being liquidated
for the benefit of just one creditor - the holder of the domestic
support obligation claim - rather than unsecured creditors

generally.  Given that the Madera County Child Support Department is collecting the claim for the benefit of the claim holder, it is clear that the assistance of the trustee, which would come at a price, is unnecessary.  By enforcing the domestic support obligation in state court, the trustee's administrative expenses will be avoided.  Cf. Williams v. California 1st Bank, 859 F.2d 664 (9th Cir. 1988) (holding that it is improper for a trustee to liquidate claims that benefit only select creditors with the only benefit to the estate being the recoupment of administrative costs).

    For these reasons, the trustee's objections to the debtor's exemptions will be overruled and his motion to sell the automobile will be denied.  Separate orders will be entered.

Dated: Sept. 22, 2006

                        BY THE COURT



                        _____
                        Michael S. McManus, Chief Judge
                        United States Bankruptcy Court

**CERTIFICATE OF MAILING**

1

2      I, Susan C. Cox, in the performance of my duties as a

3  judicial assistant to the Honorable Michael S. McManus, mailed by

4  ordinary mail to each of the parties named below a true copy of

5  the attached document.

6  Cornelius Covington
   2613 Orchid St
7  Fairfield, CA 94533

8  Karen Devereaux-Covington
   2613 Orchid St
9  Fairfield, CA 94533

10 Kenneth Sanders
   PO Box 214205
11 Sacramento, CA 95821

12 Office of the U.S. Trustee
   501 I Street , Room 7-500
13 Sacramento, CA 95814

14 Dated: September 22, 2006

15

16                          _Susan C. Cox_
                            Susan C. Cox
17                          Judicial Assistant to Judge McManus

18

19

20

21

22

23

24

25

26

27

28